### SAMUEL YOUNG vs. JOSEPH TILDEN, jr. et a.

Where one has been called before a judge of probate, on a complaint for embezzlement of the goods of a person who is *non compos mentis*, he can maintain no action against those upon whose complaint he was called, to recover his fees for travel and attendance.

THIS was an action of assumpsit, and was submitted to the decision of the court, upon the following facts.

*Thomas Waterman* was appointed guardian of *Joseph Tilden, senior*, a person *non compos mentis*; and the plaintiff, being suspected of having embezzled some of the goods of the *non compos mentis*, was, upon the complaint of the defendants, as next of kin to the said *Joseph*, the *non compos*, called

before the judge of probate, in this county, on the 8th July, 1823, to answer, on oath, concerning the said supposed embezzlement. This action is brought to recover the plaintiff's travel and attendance on that occasion ; and it was agreed, that if the court should be of opinion, that the action could be maintained upon these facts, judgment should be rendered for the plaintiff, otherwise for the defendants.

*Cartland*, for the plaintiff.

*W. Smith*, for the defendants.

RICHARDSON, C. J. The case of this plaintiff is not analogous to the case of a witness, who has been summoned to give a deposition, or to testify in a cause between third persons. The witness is called to testify in a cause, in which he has no interest, and is not, by law, compelled to attend, until his fees for travel and attendance have been paid to him. As he attends merely for the benefit of others, when he attends without receiving his fees previously, the law will raise a promise by implication to pay him, and upon that promise he may maintain an action.

This plaintiff, being suspected of having embezzled the goods of the *non compos mentis*, was, upon the complaint of these defendants, called to appear before the judge of probate, to answer, on oath, to the complaint, agreeably to the statute of February 9, 1791, sec. 2. 1 *N. H. Laws* 227. He was not called to testify in a case, where he had no interest ; but, in fact, to answer for his own conduct, and to clear himself from suspicions that had been excited against him ; or furnish evidence, which might enable those, whom he had secretly defrauded, to obtain redress for the injuries he had done them. His case is, therefore, more analogous to the case of one, who has been called before a court to answer for an offence, than to that of a witness. The statute makes no provision for the payment of fees in a case of this kind ; and we apprehend, that there is nothing in the nature of the case, from which a promise to pay on the part of these defendants can be inferred. If the plaintiff was able, by his oath, to clear himself before the judge of probate, from the suspicion that existed against him, he has his reward ; and if not, the presumption is, that it was, because the suspicion was well

founded, and that the expenses he incurred were the conse-quence of his own misconduct.

*Judgment for the defendants.*